UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHELLE PHILLIPS

VERSUS

STRYKER CORPORATION

CIVIL ACTION

NUMBER 11-62-SCR

## RULING ON MOTION FOR SUMMARY JUDGMENT
## and
## RULING ON MOTION TO STAY

Before the court is a Motion for Summary Judgment filed by the defendant Stryker Corporation. Record document number 21. The motion is opposed.[1] Also before the court is the plaintiff's Motion to Stay Proceedings and to Statistically Close Case Pending Completion of Medical Review Panel Proceedings. Record document number 29. This motion is also opposed.[2]

Plaintiff Michelle Phillips filed this action against defendant Stryker Corporation seeking damages resulting from injuries allegedly caused by defective hip replacement device manufactured by the defendant. Plaintiff alleged that on January 11, 2010 she was implanted with the defendant's hip replacement device during a left total hip arthroplasty. Plaintiff alleged that after the surgery, the surgical site became infected with

---

[1] Record document numbers 23. Defendant filed a reply memorandum. Record document number 31.

[2] Record document number 32.

Mycobacterium Fortuitum, and the device was removed.[3] Plaintiff alleged that as a result of the infection she had to undergo several surgical procedures and suffered injuries to her bones, muscles, tendons, ligaments, and soft tissue of her left hip and femur.

Plaintiff sought recovery under Louisiana law, arguing that the defendant's device was unreasonably dangerous in its construction or composition, because of an inadequate warning, and because it failed to conform to an express warranty.

Defendant Stryker sought a summary judgment based on the plaintiff's lack of any expert testimony or other supporting evidence to establish that the device was unreasonably dangerous under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et seq*. Specifically, the defendant argued that the plaintiff cannot produce any evidence demonstrating a mistake in the manufacturing process, a dangerous characteristic of the product at the time it left the defendant's control, a failure of the product's warnings, or that the plaintiff relied on an express warranty issued by it. Defendant also asserted that the record is devoid of any evidence showing that the device was the cause of the plaintiff's post-surgery infection and injuries.

---

[3] Plaintiff did not allege when she first noticed the infection, but she alleged she returned to the hospital on or about March 5, 2010. Record document number 1-2, Petition for Damages, ¶ 5.

In her opposition, the plaintiff argued that the courts have held that summary judgment is inappropriate in products liability cases. Plaintiff asserted that summary judgment is particularly unwarranted in this cases because the discovery process had not concluded at the time the defendant's motion was filed. In the alternative, the plaintiff argued that because the defendant's device was implanted in her prior to the injuries, a genuine issue of material fact exists as to whether the device was the cause of her injuries.

### **Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the

evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In this case the plaintiff alleged a claim under the Louisiana Products Liability Act ("LPLA"), which requires establishing four elements: (1) that the defendant is a manufacturer of the product; (2) that the plaintiff's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product unreasonably dangerous, and (4) that the plaintiff's damage arose from a reasonably anticipated use of the product by the plaintiff or someone else. LSA-R.S. 9:2800.54(A). *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002).

The statute sets forth the four exclusive theories under which the plaintiff can establish that a product is unreasonably dangerous:

> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
>
> (2) The product is unreasonably dangerous in design as

4

provided in R.S. 9:2800.56;

(3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or

(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

*Id.*

## **Analysis**

Plaintiff's initial argument regarding the appropriateness of summary judgment in negligence and/or products liability cases is without merit. The cases cited by the plaintiff in support of her argument did not involve similar facts or Louisiana law. To the contrary, the Fifth Circuit has repeatedly affirmed summary judgment on various claims brought under the LPLA.[4]

Plaintiff's argument based on the lack of discovery completion is equally unpersuasive. Defendant filed its motion after the plaintiff failed to identify any experts by January 31, 2012 deadline.[5] Although fact discovery was still pending at the time the motion was filed, the plaintiff's opposition was filed approximately two weeks before the March 30, 2012 deadline, and the plaintiff has not supplemented her opposition since that time.

---

[4] *See*: *Reed v. Biomet Orthopedics, Inc.*, 318 Fed.Appx. 305 (5th Cir.. 2009); *Broussard v. Procter & Gamble Co.*, 517 F.3d. 767 (5th Cir. 2008); and *Brown v. Caterpillar, Inc.*, 54 Fed.Appx 794 (5th Cir. 2002).

[5] Record document number 11. Plaintiff's request to extend

5

Thus, the then-unexpired discovery deadline is of no consequence. Because the plaintiff has not demonstrated that summary judgment would be procedurally improper under the present circumstances, the substantive issues of defendant's motion will be addressed.

In her opposition, the plaintiff relied solely on the sequence of events to support her claim, specifically the development of her the infection after the device was implanted. While this fact is undisputed, it cannot support more than a speculative inference of causation, and then only an inference that the infection was caused by something related to the surgery. The fact that the infection followed the surgery cannot reasonably support finding that defendant's device caused the infection, much less finding that the defendant's device was defective and that any defect was present when the device left the defendant's control.[6]

Plaintiff failed to set forth any substantive evidence, expert or factual, to show that the device was unreasonably dangerous under LPLA standards. With respect to the composition or construction of the device, the plaintiff did not provide any factual evidence to show that "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the

---

[6] The record contains evidence submitted by the defendant to defeat an inference of causation. See record document number 32, exhibits A and B.

same manufacturer."[7] Because this case involves a medical device, the plaintiff needed expert evidence to establish that the device was unreasonably dangerous. Subjects such as the composition, design, testing and product characteristics of such a medical device "require sophisticated knowledge on topics such as biochemistry which are outside the average person's common understanding."[8]

Plaintiff also failed to support her inadequate warning and express warranty claims.[9] "To successfully maintain a failure-to-warn claim under the LPLA, a plaintiff must demonstrate that the product in question has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about this characteristic."[10] Plaintiff cannot even identify either a potentially damage-causing characteristic of the device or a relevant warning, much less provide corroborating evidence. Plaintiff cannot solely rely on conclusory allegations of an inadequate warning to satisfy her

---

[7] *Stahl*, 283 F.3d at 261.

[8] *Dykes v. Johnson & Johnson*, 2011 WL 2003407, *citing*, *Sheridan v. Merck & Co., Inc.*, 2003 WL 22902622, 2 (E.D.La. Dec. 8, 2003).

[9] Plaintiff did not allege a design defect under R.S. 9:2800.56 in her petition.

[10] *Stahl*, 283 F.3d at 264.

burden under the LPLA.[11]

Plaintiff's unsubstantiated claims of the defendant's failure to conform to an express warranty is further defeated by her deposition testimony establishing that she did not read any literature concerning the device.[12] Thus, the plaintiff cannot establish that an express warranty issued by the defendant induced her to have the device surgically implanted.

Plaintiff has failed to set forth specific facts showing the existence of a genuine issue of material fact concerning the existence of an unreasonably dangerous characteristic of the defendant's hip replacement device, an inadequate warning regarding the device, or breach of an express warranty. Therefore, summary judgment for the defendant is appropriate.

After this motion was filed the plaintiff moved for a stay of further proceedings in the case pending completion of medical review panel proceedings. For all of the reasons argued by the defendant in its opposition memorandum, the plaintiff's motion to stay has no merit. The motion itself is untimely, and the purpose of the motion is to delay ruling on the defendant's summary judgment motion until the plaintiff can join non-diverse defendants

---

[11] "A 'mere allegation of inadequacy' is insufficient for a plaintiff to survive summary judgment on a failure-to-warn claim." *Stahl*, 283 F.3d at 264-5, *citing*, *Anderson v. McNeilab, Inc.*, 831 F.2d 92, 93 (5th Cir.1987).

[12] Record document number 21-3, Exhibit A, plaintiff's deposition, p. 74.

which would cause the case to be remanded.  Further delaying resolution of the plaintiff's claims against the defendant while she proceeds with a medical malpractice panel review will accomplish nothing.  The medical malpractice review panel will not decide whether the defendant's device is unreasonably dangerous, and the plaintiff has not shown that the doctors who treated her are necessary parties in this case.

## **Conclusion**

Accordingly, the Motion for Summary Judgment filed by the defendant Stryker Corporation is granted and the Motion to Stay Proceedings and to Statistically Close Case Pending Completion of Medical Review Panel Proceedings filed by the plaintiff is denied.

Baton Rouge, Louisiana, April 19, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

9